UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

SPENCER T. EASTING,           )
                              )
    Petitioner,              )
                              )
v.                            )   Nos.: 1:14-cv-255; 1:12-cr-88
                              )   *Judge Curtis L. Collier*
UNITED STATES OF AMERICA,     )
                              )
    Respondent.              )

## **MEMORANDUM and ORDER**

Federal inmate Spencer T. Easting ("Petitioner") brings this *pro se* motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Court File No. 76).[1] Following his guilty plea, Petitioner was convicted of one count of distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). His judgment of conviction, imposing a 188-month sentence of imprisonment and a six-year term of supervised release, was entered on May 28, 2014 (Court File No. 71).

After petitioner's sentencing hearing on April 24, 2014, but before entry of the judgment, Petitioner submitted a notice of appeal (Court File No. 70). The appeal is currently pending in the United States Court of Appeals for the Sixth Circuit. *See* online, http://www.ca6.uscourts.gov/internet/default.html, Docket Sheets, *United States v. Easting*, No. 14-5557, Notice of Appeal filed May 7, 2014, (Internet materials as visited Oct. 27 2014, and available in Clerk of Court's case file.)

---

[1] All citations to the record refer to Petitioner's criminal file.

A defendant who has a direct appeal pending may not maintain a 28 U.S.C. § 2255 action, absent extraordinary circumstances. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (adopting the rule that, absent extraordinary circumstances, a district court is precluded from considering a § 2255 application during the pendency of a direct appeal).

Petitioner has presented no extraordinary circumstances which would cause the Court to entertain this motion. Accordingly, Petitioner's 28 U.S.C. § 2255 action will be **DISMISSED** without prejudice by separate order.

The Court **FINDS**, in view of the basis for the dismissal, Petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not debate the correctness of the procedural ruling disposing of this motion. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, Petitioner is **DENIED** issuance of a certificate of appealability. Fed. R. App. P. 22(b).

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**